UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUIS MIGUEL VALDOVINOS RAZO,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

Case No. 26-928-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Luis Miguel Valdovinos Razo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition and a Return filed by the Government, Dkt. #6, and the remainder of the record. The parties generally agree as to the core facts of this case and disagree only about the application of law.

Petitioner, a native and citizen of Mexico, entered the United States at an unknown place and unknown time. On January 31, 2026, ICE took Petitioner into custody. Dkt. #7 ("Steveson Decl."), Ex. A and Ex. B. ICE transferred him to the Northwest ICE Processing Center in Tacoma, Washington. *Id.*, Ex. A. ICE issued him a notice to appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and initiated removal proceedings. *Id.*, Ex. C. On April 28, 2026, an immigration judge ordered Petitioner removed to Mexico. *Id.*, Ex. D. Petitioner reserved appeal. *Id.* Neither party has updated the Court on the progress of that appeal.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id*.

Although Petitioner does not rely primarily on the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within its parameters. Respondent acknowledges the *Rodriguez Vazquez* decision controls in this case but argues that Petitioner's detention is properly governed by 8 U.S.C. § 1225(b)(2)(A). Dkt. #6 at 2. Respondent admits that Petitioner has not yet had a bond hearing. *Id*. at 3. Respondent states that the appropriate relief here is a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id*. at 4 (citing *Rodriguez Vazquez. Castulo-Cerro v. Hermosillo*, No. 2:26-cv-00437-TMC, 2026 WL 395324, at *3 (W.D. Wash. Feb. 12, 2026)).

The Court finds that Petitioner is a member of the Bond Denial Class in *Rodriguez Vazquez, supra*, and that the appropriate relief in this case is a new bond hearing.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 2

Respondent has 14 days to either provide Petitioner notice of a new bond hearing under 8 U.S.C. § 1226(a) or to release Petitioner.  Respondent shall make every available effort to expedite this process.

DATED this 3rd day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3